IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| WESTLEY BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>E. NEAL JUMP, et al.,<br><br>    Defendants. | CIVIL ACTION NO.: 2:20-cv-68 |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.  Doc. 1.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint: Plaintiff's Fifth Amendment, Fourteenth Amendment, and HIPAA claims; all claims against Defendant E. Neal Jump; and all claims for monetary damages from Defendants sued in their official capacities.  However, I **FIND** that some of Plaintiff's claims may proceed.  Specifically, the Court will direct service of the following claims by separate Order: deliberate indifference to medical treatment claims against Defendants Brooks, Bacon, and Green and an excessive force claim against Defendant Keen.

### PLAINTIFF'S CLAIMS[1]

Plaintiff claims he suffered from internal bleeding and other injuries after detoxing off opiates and jumping off of the top tier of his cell unit.  Doc. 1 at 4.  Plaintiff states, "Defendants

---

[1]    All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

Brooks, Bacon, and Green refused to give plaintiff proper medical treatment and refused to take plaintiff to [the] hospital." Id.  Plaintiff claims Defendant Keen beat him by punching and "kneeing" him.  Id.  Plaintiff further states he was stripped of his clothing, placed on suicide watch, and had his privileges to call family and place sick calls revoked.  Id.  Plaintiff asserts Defendant Jump is liable for the actions of all Glynn County Detention Center employees because he oversees the facility.  Id.  Plaintiff seeks compensatory and punitive damages.  Id. at 3.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v.

2

Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

**I.     Fifth Amendment, Fourteenth Amendment, and HIPAA Claims**

Plaintiff presumably cites to the Fifth and Fourteenth Amendments because he wishes to bring a due process claim.  Doc. 1 at 4.  Although Plaintiff states he was placed on suicide watch and had certain privileges revoked, he fails to explain any further details surrounding the revocation.  Id.  Plaintiff has not identified any action taken by any of the Defendants that plausibly violated his Fifth and Fourteenth Amendment rights.  Plaintiff also cites to the Health Insurance Portability and Accountability Act ("HIPAA"), but he has not described any breach of his healthcare privacy.  Id.  Additionally, HIPAA does not create a private cause of action for individuals.  Bradley v. Pfizer, Inc., 440 F. App'x 805, 809 (11th Cir. 2011).  Plaintiff has not stated sufficient factual matter to state a plausible due process or HIPAA claim.  Ashcroft, 556 U.S. at 678.  Therefore, I **RECOMMEND** the Court **DISMISS** Plaintiff's Fifth, Fourteenth Amendment, and HIPAA claims.

**II.    Defendant Jump**

Plaintiff has not identified any specific action taken by Defendant Jump that violated his constitutional rights.  Instead, Plaintiff asserts Defendant Jump is responsible for all actions of Glynn County Detention Center employees because he is in charge of the facility.  Doc. 1 at 4.  Thus, Plaintiff solely seeks to hold Defendant Jump vicariously liable.  In the Eleventh Circuit, supervisory officials cannot be held vicariously liable under § 1983 for the unconstitutional acts of their subordinates.  Harrison v. Culliver, 746 F.3d 1288, 1298 (11th Cir. 2014) (quoting

Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)).  Thus, I **RECOMMEND** the Court **DISMISS** all claims against Defendant Jump.

### III.     Monetary Damages

Plaintiff has not specified whether he intends to sue Defendants in their individual or official capacities, but he seeks monetary damages.  Doc. 1 at 3.  States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty.  Alden v. Maine, 527 U.S. 706, 712–13 (1999).  Section 1983 does not abrogate the well-established immunities of a state from suit without its consent.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989).  Because a lawsuit against a state agency or a state officer in their official capacity is "no different from a suit against the [s]tate itself," such defendants are immune from suit under Section 1983.  Id. at 71.  Therefore, I **RECOMMEND** the Court **DISMISS** all claims for monetary damages against Defendants sued in their official capacities.

### CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint: Plaintiff's Fifth Amendment, Fourteenth Amendment, and HIPAA claims; all claims against Defendant E. Neal Jump; and all claims for monetary damages from Defendants sued in their official capacities.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to

challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 6th day of April, 2021.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA